IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS

| | | |
|---|---|---|
| RALPH V. TOLAND | § | |
| | § | |
| | § | |
| v. | § | C.A. _____ |
| | § | |
| ANTILL PIPELINE CONSTRUCTION | § | JONES ACT 46 USC § 30104 |
| COMPANY, INC.; ANTILL PIPELINE | § | |
| COMPANY, INC.; ANTILL PIPELINE | § | Filed per 28 USC § 1916 |
| CORP.; ANTILL PIPELINE & | § | Permitting filing without Payment of |
| CONSTRUCTION CO. | § | fees for filing or service |
| | § | Jury Trial Requested per Rule 38 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW RALPH V. TOLAND (hereinafter Plaintiff) complaining of ANTILL PIPELINE CONSTRUCTION COMPANY, INC.; ANTILL PIPELINE COMPANY, INC.; ANTILL PIPELINE CORP.; ANTILL PIPELINE & CONSTRUCTION CO. and would respectfully show the Court the following:

I.   VENUE AND JURISDICTION

This Court has jurisdiction over the lawsuit under 46 U.S.C. § 30104 et seq, the Jones Act as recodified in 2008; and under the general admiralty and maritime laws of the United States of America.  Venue is proper in this Court under 46 U.S.C. § 30104 as amended and recodified and 28 U.S.C. § 1332.

II.   PARTIES

Ralph V. Toland is a citizen and resident of Purcell, Oklahoma.

Defendant, ANTILL PIPELINE CONSTRUCTION COMPANY, INC. is a Louisiana corporation.  It is qualified to do business in Louisiana and is doing substantial, continuous and

systematic business in Louisiana. Its principal place of business is 121 Development Street, Houma, Louisiana 70363. It may be served through its registered agent, Mr. Marvin Antill, 4749 Bayou Black Dr., Gibson, Louisiana 70356-3314.

Defendant, ANTILL PIPELINE COMPANY, INC. is a Louisiana corporation. It is qualified to do business in Louisiana and is doing substantial, continuous and systematic business in Louisiana. Its principal place of business is 121 Development Street, Houma, Louisiana 70363. It may be served through its registered agent, Mr. Keith Whipple, Attorney, 123 W. Park Avenue, Houma, Louisiana 70356.

Defendant, ANTILL PIPELINE CORP., is a Louisiana corporation. It is qualified to do business in Louisiana and is doing substantial, continuous and systematic business in Louisiana. Its principal place of business is 121 Development Street, Houma, Louisiana 70363. It may be served through its registered agent, Mr. Marvin Antill, 4749 Bayou Black Dr., Gibson, Louisiana 70356-3314.

Defendant, ANTILL PIPELINE & CONSTRUCTION CO., is a Louisiana corporation. It is qualified to do business in Louisiana and is doing substantial, continuous and systematic business in Louisiana. Its principal place of business is 121 Development Street, Houma, Louisiana 70363. It may be served through its registered agent, Mr. Marvin Antill, 4749 Bayou Black Dr., Gibson, Louisiana 70356-3314.

All are collectively called "Antill" hereinafter and his Jones Act employer.

III.   CAUSES OF ACTION

A.   NEGLIGENCE

On or about April 11, 2009, while in the course and scope of his employment as a Jones Act seaman and Captain of Defendants Antills' vessel, M/V Texas Tiger and was working

alongside the M/V Bev.  Both owned and operated by Antill Pipeline Construction Co., Inc. and/or other Antill Defendants.  Plaintiff suffered serious, disabling injuries, including cuts and trauma to his head (scalp), neck and shoulder.  These were proximately caused by the negligence of one or more of the Defendants.

B.     UNSEAWORTHINESS

Vessel, the M/V Bev was sinking and the crew called out for assistance, Mr. Toland rushed to their assistance and in the process injured his head and shoulder.

Such injuries were causally related to the unseaworthiness of their vessel, the M/V Bev and/or M/V Texas Tiger, and their gear, apparel, tackle, etc.

## IV.     PLAINTIFFS' ACTUAL DAMAGES

Plaintiff Ralph V. Toland sues for a sum far in excess of $75,000 exclusive of interests and costs per 28 U.S.C. 1332 for his injuries including his:

1. Pain and suffering and mental anguish sustained in the past and in the future; and
2. His lost past earnings and present value of his loss of future earning capacity; and
3. His probable physical impairment in the past in the future; and
4. His probable disfigurement in the past and in the future; and
5. His usual, customary, reasonable and necessary medical bills, treatment and hospital in the past and which in reasonable medical probability he will pay and incur liability to pay in the future; and
6. For all other damages permitted by law.

VII.     MAINTENANCE AND CURE AND ATTORNEYS FEES

Further, although Antill Defendants were Plaintiff's Jones Act employer(s).  Defendants, jointly and severally, violated and breached their duty to defray and pay Plaintiff the expenses of his maintenance and cure (care), as well as attorneys fees associated therewith.

Plaintiff sue all Defendants, jointly and severally for his usual, reasonable, necessary and customary attorney fees and costs for suing and prosecuting his claims for his maintenance and cure (care) and punitive damages as permitted by law to be recovered.

VIII.   PUNITIVE DAMAGES

Plaintiff sues each Defendant severally for their punitive damages per in reasonable relation to his above actual damages adopted by reference per Rule 10(c).  *See Atlantic Sounding Co., Inc. v. Townsend;* 129 S.Ct. 2561 (2009) 2009 allowing punitive damage and affirming 496 F.3d 1282 (11TH Cir. 2007) and *Exxon Shipping Co., et al v. Grant Baker, et al,* 128 S.Ct. 2605, *In re: Exxon Valdez* 2008 US LEXIS 5623; 76 USLW 4603 (June 25, 2008), allowing punitive damage recovery in at least a 1:1 ratio to actual damages for which he sues herein.  The Supreme Court rejected, the conflict with *Guevara v. Maritime Overseas Corp.* 59 F.3d 1496 (5th Cir. 1995) en banc in its above decision.

VIII.   PRAYER

WHEREFORE, adopting all of the above allegations by reference per Rule 10(c) Plaintiff above sue Defendants, jointly and severally in excess of $75,000 exclusive of interest and costs for his actual damages, and for punitive damages severally for two times or double the amount of his actual damages as found by the jury and for prejudgment and post-judgment interest at the maximum rates permitted by law and for all costs of said court[1].

---

[1] Per Rule 38 FRCP a jury trial in requested.

Respectfully Submitted;

*/s/ Jack W. Harang*
JACK W. HARANG
Louisiana No: 15083
228 St. Charles Ave, Ste.
New Orleans, Louisiana
Telephone: (504) 581-7050
Facsimile: (504) 581-7057
LEAD ATTORNEY FOR PLAINTIFFS

MARTINA E. CARTWRIGHT
Louisiana No. 33051
1911 Southwest Freeway
Houston, Texas 77098
Telephone: (713) 630-0708
Facsimile: (713) 630-0789